IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELEN BLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. )<br>) | C.A. No. 06-226-GMS |

**MEMORANDUM**

**I.     INTRODUCTION**

Pending before the Court are Objections To the Magistrate Judge's Report and Recommendation (D.I. 25) filed by the Plaintiff, Helen L. Bland ("Bland"). For the reasons discussed, the court will overrule the objections, and adopt the Report and Recommendation of the magistrate judge recommending that the plaintiff's motion for summary judgment be denied and the defendant's cross-motion for summary judgment be granted.

**II.    THE PARTIES' CONTENTIONS**

By her objections, Bland contends that the magistrate judge erred in denying her claim for disability insurance benefits and supplemental security income under the Social Security Act. Specifically, Bland contends that the magistrate judge erred in determining that the claimed severity of her depression was not supported by substantial evidence. (Id. ¶ 2.) Bland supports her argument by citing *Brown v. Astrue*, 590 F. Supp. 2d 669, 675 (D. Del. 2008) for the proposition that a physician's silence may not serve as a basis upon which to determine a claimant's physical abilities.

(Id.)

Bland contends that the magistrate judge erred in upholding the ALJ's finding that her testimony concerning her health condition both lacked credibility, and was negated by the testimony of the Vocational Expert (the "VE"). (D.I. 26 ¶ 1.) With respect to the VE, Bland contends that his questions failed to adequately probe whether any work restrictions resulted from her having to take the blood thinner, Coumadin. (Id. ¶ 4.) Particularly, Bland argues that the need to take this medication put her at a risk of severe bleeding if she was cut. (Id.) Thus, in Bland's view, it was error for the magistrate to rely on the VE's findings. (Id.) In addition, according to Bland, the VE also failed to answer hypothetical questions relating to the specific limitations evidenced by her medical records and testimony. (Id. ¶ 5.) Bland finally contends that the VE was not able to differentiate between how many full time versus part time jobs she was qualified for in her present condition. (Id.) In addition, Bland contends that the magistrate judge erred in failing to consider the subsequent award of social security benefits relevant to this case. (Id. ¶ 3.)

In response, the Commissioner of Social Security, Michael J. Astrue (the "Commissioner") contends that the magistrate judge correctly concluded that, in light of the ALJ's findings, Bland did not provide substantial evidence that she was disabled under the Social Security Act. (D.I. 27 at 1.) The Commissioner argues that the magistrate judge properly held that Bland failed to provide sufficient medical evidence regarding her physical condition and its impact on her capacity to work. (Id. at 2.) In addition, the Commissioner contends that the magistrate judge's concurrence with the ALJ's finding that Bland's depression was not so severe that she could not continue work is supported by the record. (Id.) The Commissioner contends that the record supports this finding, and that Bland's reliance on *Brown*, 590 F. Supp. 2d 669, is misplaced. (Id. at 3.) Specifically, (1) Bland

denied depressive symptoms at several treatment sessions, (2) Bland admitted that her depressive symptoms improved with medication, and (3) Bland's psychiatrist stated that her symptoms have improved. (Id. at 2.)

Regarding the reliability of the VE's testimony, the Commissioner contends that the VE did not have to determine the effects of Bland's use of Coumadin, since there was no evidence that the medication resulted in any work-related limitations. (Id. at 5-6.) The Commissioner notes that Bland's physician did not place her under any limitations related to an increased risk of bleeding while at work if cut. (Id. at 6.) The Commissioner contends that the other deficiencies in the VE's testimony were based on the fact that Bland's testimony was not credible in light of the evidence in the record. (Id. at 6.) The Commissioner finally contends that the VE's failure to specify whether the jobs Bland could perform were full or part-time does not undermine his conclusions. (Id. at 7.)

Finally, regarding Bland's subsequent award of benefits, the Commissioner contends that two different rulings on an individual's disability claim can be supported by the substantial evidence standard of review. (Id. at 4.) Specifically, the Commissioner contends that "two adjudicators can permissibly reach different conclusions when considering two different applications for benefits." (Id. at 5.)

### III. STANDARD OF REVIEW

When reviewing the decision of a magistrate judge on a dispositive matter, the court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion for summary judgment is a dispositive matter. The court may accept, reject, or modify the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceeding. *Id.*

## IV. DISCUSSION

In the present case, having considered the record in this case, the Report and Recommendation, the parties' submissions, and the applicable law, the court concludes that the magistrate judge committed no legal error in reaching her decision. More particularly, the magistrate judge correctly determined that Bland's depression was not severe. (D.I. 25 at 19.) The magistrate judge also correctly determined that the ALJ's denial of social security benefits for Bland was supported by the VE's testimony (id. at 28), as well as with Bland's failure to provide credible testimony (id. at 24). The magistrate judge correctly determined that Bland's subsequent award of benefits does not render the ALJ's decision incorrect. (Id. at 21.) In reviewing the Report and Recommendation, the court detects no error in the magistrate judge's factual determinations, nor in the legal conclusions reached in this case. In addition, the court is not persuaded by the arguments raised in Bland's objections to the Report and Recommendation. The court will, therefore, overrule Blands' objections, and adopt the disposition of the pending motions in this case, as recommended by the magistrate judge in the June 22, 2009 Report and Recommendation. (D.I. 25.)

### A. The Magistrate Judge Correctly Determined that Bland's Depression Was Not Severe

The court is not persuaded by Bland's objection to the magistrate judge's recommendation that her depression was not severe. With respect to this objection, the magistrate judge correctly determined that Bland's depression did not significantly restrict her ability to engage in basic work activities. (D.I. 25 at 19.) The magistrate judge made this determination by relying "on both what [was] said in the record and what [was] not said in the record." (Id. at 20.) Specifically, the magistrate judge noted that following her two visits to a psychiatrist, Bland had significant control over her symptoms and was not restricted from working in any manner. (Id.) Additionally, the

magistrate judge pointed to three separate trips Bland made to Delaware Cardiovascular Associates between August 30, 2004 and February 2, 2006, during which she denied depression.

    **B.    The Magistrate Judge Correctly Determined that the ALJ's Decision Was Supported by Both Bland's Failure to Provide Credible Testimony and the Testimony of the VE**

Bland also objects to the magistrate judge's recommendation to uphold the ALJ's decision that she was not disabled. Specifically, she contends that her testimony was credible and supported a finding that she was disabled. (D.I. 26 ¶ 1) In addition, Bland claims that the testimony of the VE was deficient. (Id. ¶ 4.) The court disagrees.

First, the court finds that the magistrate judge correctly concluded that Bland's testimony regarding her impairments was "not entirely credible." (D.I. 25 at 24.) The magistrate judge correctly notes that Bland's testimony contradicts the assessments of two different physicians regarding her physical condition. (Id.) Indeed, the only physical restriction noted by any of Bland's physicians was related to driving, and that restriction was later removed. The magistrate judge's determination that Bland's testimony was not fully credible is further supported by several instances in the record in which her own testimony is conflicting. (See, e.g., Tr. at 431.) As a result, the magistrate judge correctly determined that Bland was not disabled, and could return to her past work. (D.I. 25 at 13.)

In reaching this conclusion, the magistrate judge properly determined that "[t]here is substantial evidence that the ALJ properly relied on the VE's testimony that [Bland] could return to her past relevant work." (Id. at 26-27.) The magistrate judge made this determination by evaluating the VE's affirmative answer to the ALJ's hypothetical question, regarding Bland's work limitations based on her physical and mental condition. (Id. at 27.) Although the ALJ brought only

corroborated ailments to the VE's attention, the magistrate judge correctly noted that under *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d. Cir. 2005), the VE need not be notified about every alleged impairment in the complaint. For this reason, the magistrate judge correctly determined that the VE's testimony took into consideration all credibly established impairments. (D.I. 25 at 28.)

### C. The Magistrate Judge Correctly Determined that Bland's Subsequent Award of Benefits Does Not Render the ALJ's Decision Incorrect

Finally, the court is not persuaded by Bland's contention that the magistrate judge erred by holding that the subsequent award of benefits is not relevant to this case. (D.I. 26 ¶ 3.) To the contrary, the Report and Recommendation reflects that the magistrate judge properly classified Bland's subsequent award of benefits as new and material evidence. (D.I. 25 at 21.) Bland, however, failed to demonstrate that the subsequent decision was based solely on evidence prepared before the ALJ's initial decision. (Id. at 23.) Accordingly, the magistrate judge correctly determined that the record demonstrated that the ALJ's decision, regardless of the subsequent award of benefits, was supported by substantial evidence. (Id. at 24.)

### V. CONCLUSION

For the reasons discussed, the court will overrule Bland's Objections to the magistrate judge's report and recommendation, and adopt the report and recommendation of the magistrate judge.

Dated: October 30, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELEN BLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-226-GMS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. Bland's Objections to United States Magistrate Judge Thynge's Report and Recommendation (D.I. 26) are OVERRULED.

2. The magistrate judge's June 22, 2009 Report and Recommendation (D.I. 25) is ADOPTED.

3. The Clerk of Court is directed to close this case.

Dated: October 30, 2009

CHIEF UNITED STATES DISTRICT JUDGE